1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  JEREMY SCOTT,                         No.  1:24-cv-00284-SAB (PC)

10                    Plaintiff,          ORDER DIRECTING CLERK OF COURT TO
                                          RANDOMLY ASSIGN A DISTRICT JUDGE
11        v.                              TO THIS ACTION

12  DEPUTY R. RODRIGUEZ,                  FINDINGS AND RECOMMENDATION
                                          RECOMMENDING DISMISSAL OF ACTION
13                    Defendant.          FOR FAILURE TO STATE A COGNIZABLE
                                          CLAIM FOR RELIEF
14
15                                        (ECF No. 8)

16        Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

17  U.S.C. § 1983.

18        Currently before the Court is Plaintiff's first amended complaint, filed May 7, 2024.

19                                         I.

20                            SCREENING REQUIREMENT

21        The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

25  "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

26  1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

27        A complaint must contain "a short and plain statement of the claim showing that the

28

pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

The Court accepts Plaintiff's allegations in his complaint as true only for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff is currently incarcerated at the Kings County Jail as a pretrial detainee housed in the security housing unit.

Plaintiff is a general population detainee being housed in the security housing unit (SHU).  In the SHU inmates are only allowed out of their cells one at a time for 30 minutes in the morning and 30 minutes in the afternoon.  On October 20, 2023, during afternoon program, Plaintiff was assaulted by Deputy R. Rodriguez.  It began when Plaintiff was asked if he wanted dayroom to which he stated yes.  Plaintiff was released from his cell and went to use the telephone.  While Plaintiff was on the telephone to his wife, Deputy Rodriguez opened the unit door and informed Plaintiff that his disciplinary status was still active.  Plaintiff informed him that he was let out of

his cell for dayroom.  Rodriguez stated again that Plaintiff was still on lockdown and that it was not over until October 22, 2023, and it was October 20, 2023.  Plaintiff mentioned to Rodriguez that was not correct and he then "took an aggressive stance and aggressively stated so your [sic] refusing to lockdown while glaring at me in a malicious and threatening manner as if he wanted to do something as in to cause me harm for no just cause."

Plaintiff told Rodriguez that he did not need to speak to him in that manner or threaten him, and Rodriguez "responded by poking his chest out and stating 'what's up if your [sic] going to do something do it I'm right here."  Rodriguez was attempting to intimidate and provoke Plaintiff into engaging in a physical response or confrontation.  "Deputy Rodriguez continued to provoke and challenge me, were [sic] I felt I may need to protect myself.  Deputy not only verbally threaten me and assaulted me, he failed in his duty as a deputy to protect me against harm from inmates and or guards, he also violated for failing to adhere to the written policy, procedure and professionalism a deputy must adhere to as is no immune from and must follow due to Deputy R. Rodriguez actions I fear as writ[t]en in my grievances further retaliation." (Am. Compl. at 4.)

## III.

## DISCUSSION

### A.    Threat to Safety

"[P]retrial detainees ... possess greater constitutional rights than prisoners." <u>Stone v. City of San Francisco</u>, 968 F.2d 850, 857 n.10 (9th Cir. 1992); <u>see also</u> <u>Gary H. v. Hegstrom</u>, 831 F.2d 1430, 1432 (9th Cir. 1987). "If a plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment." <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1187 (9th Cir. 2002); <u>see also</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied upon in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

To state a claim of unconstitutional conditions of confinement against an individual

defendant, a pretrial detainee must allege facts that show: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

Verbal harassment or abuse, including the use of racial epithets, do not state a cognizable civil rights claim are dismissed. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) (allegations that prison guards called him names was not sufficient to allege a constitutional violation); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983). Moreover, a mere threat to do an unconstitutional act does not create a constitutional wrong. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Finally, a prisoner may not bring a civil action for emotional or mental injury that he suffered while in custody without showing a physical injury. 42 U.S.C. § 1997e(e); Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002).

Here, while Plaintiff claims he was subjected to "assault", he provides no factual allegations whatsoever to support such claim, despite having been given the applicable legal standard and leave to amend. Plaintiff's allegations amount to nothing more than verbal threats and/or harassment, which does not give rise to a constitutional violation. Further, even if Defendant's comments were inappropriate, they do not rise to the level of being "unusually gross even for a prison setting and calculated to" cause Plaintiff psychological damage. Cox v. Kernan, No. 2:19-cv-1637 DB P, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting Keenan, 83 F.3d at 1092). Moreover, Plaintiff's claim that Defendant's verbal

1   statements/threats gave him mental problems does not save the claim from dismissal, as "an

2   institutional employee's verbal harassment or idle threats to an inmate, even if they cause an

3   inmate fear, anxiety, or discomfort, do not constitute an invasion of any identified liberty

4   interest." McClellan v. Bassett, 2006 WL 2079371, at *1 (D. Va. 2006).  Accordingly, Plaintiff

5   fails to state a cognizable claim for relief and further leave would be futile because he has failed

6   to provide factual allegations to give rise to a claim for relief even after granting leave to amend.

7   See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.

8   1983) (holding that while leave to amend shall be freely given, the court does not have to allow

9   futile amendments).

10                                              **IV.**

11                              **ORDER AND RECOMMENDATION**

12          Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly

13   assign a District Judge to this action.

14          Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without

15   further leave to amend, for failure to state a cognizable claim for relief.

16          These Findings and Recommendations will be submitted to the United States District

17   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**

18   **(14) days** after being served with these Findings and Recommendations, Plaintiff may file written

19   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

20   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

21   specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834,

22   838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23

24   IT IS SO ORDERED.

25   Dated:   **May 15, 2024**                    _____

26                                               UNITED STATES MAGISTRATE JUDGE

27

28